**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRUCE A. LING, JR.,**

    **Plaintiff,**

vs.                                       **Case No. 4:17cv263-MW/CAS**

**SECRETARY JULIE JONES,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed a second amended complaint. *See* ECF No. 13. That version of the complaint has been reviewed to determine whether the complaint states a viable claim and is sufficient for service.

Plaintiff's second amended complaint presents conclusory allegations, unsupported by a statement of facts which demonstrates what each named Defendant did, or failed to do, that Plaintiff believes violates his constitutional rights. Additionally, Plaintiff does not provide dates for many of events about which he claims.

For example, Plaintiff alleged that Defendant Kirkland "refused to do follow up test" and violated his Eighth Amendment rights. ECF No. 13 at 6. However, that conclusory allegation is insufficient to state a claim. Plaintiff provides no date on which that refusal took place. He indicates it was in 2013, but considering this case was filed in June 2017, Plaintiff was required to demonstrate that it occurred within 4 years of case initiation. Florida's four year statute of limitations bars claims based on events which took place more than 4 years prior to June 9, 2017.

Moreover, Plaintiff has not alleged a viable claim against Defendant Kirkland which reveals that Plaintiff should be provided another opportunity to submit a third amended complaint. It is true that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, Plaintiff has not demonstrated that he had a "serious medical need." See Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Plaintiff must do more than label his condition as a "serious urological issue," he must provide facts which demonstrate either that the need is "'one that, if left unattended, 'pos[es] a substantial risk of

serious harm,'" Farrow, 320 F.3d at 1243 (citation omitted), or that delay in treating the need made his condition worse or posed "a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009). Plaintiff has not done so. He has provided conclusory allegations in which he merely quotes legal terms and uses boilerplate language. That is not enough to state a constitutional claim.

More importantly, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" is insufficient to support an Eighth Amendment claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). Thus, a prisoner's complaint that a physician or nurse should have run more tests or taken additional diagnostic steps does not state a valid claim. Estelle, 429 U.S. at 106, 97 S.Ct. at 292 (quoted in Bingham, 654 F.3d at 1176). For example, the prisoner in Estelle received treatment for his back injury, but complained that more should have been done in the way of diagnosis. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision

> not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. Plaintiff's conclusory claim that Defendant Kirkland refused to perform a followup test is insufficient on its face.

Plaintiff's claim against Defendant Hercule appears to be based on events in 2011. ECF No. 13 at 9. If so, those claims are barred by the statute of limitations. Nevertheless, to the degree Plaintiff has pointed to events which *may* not time barred, Plaintiff's allegations are conclusory only. He does not allege any specific harm that was caused by an alleged delay in treatment, nor is it clear that treating physicians in the Department of Corrections have the ability to schedule appointments with other urologists. Plaintiff has not provided facts which explain his symptoms, detail his medical issues, or state what each named Defendant did, or did not do. Plaintiff's statement of facts concerning Defendants Hercule and Salvadore are conclusory only and insufficient. *See* ECF No. 13 at 9-10.

Plaintiff asserts claims against Dr. Robinson, Dr. Campbell, the Bond Community Health Center, the Neighborhood Medical Center, Inc., and Dr. Lee. ECF No. 13 at 11-15. Plaintiff must do more than assert that a

Defendant is "an actor of the State." Plaintiff must demonstrate that a constitutional deprivation has been "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has not made that showing. There are no facts provided which show that any of those Defendants are employed by, or working on behalf of, the State of Florida.[1] These Defendants are private facilities and private parties.

Additionally, Plaintiff's claim against several of those Defendants is that they refused Plaintiff's request for a prescription refill. As explained above, Plaintiff's disagreement with medical opinions that he did not need a refill, or that a prescription would not be refilled until an examination was performed, is not a constitutional violation. Plaintiff has not alleged a constitutional violation, even *if* he could allege facts showing these Defendants were state actors.

---

[1] Plaintiff's allegations that obtaining medical care may be "difficult" because Plaintiff did not have health insurance suggests, to the contrary, that these are private physicians and clinics. *See* ECF No. 13 at 15. Furthermore, Bond Community Health Center and the Neighborhood Medical Center are not liable under § 1983 because there is no respondeat superior or vicarious liability in civil rights actions. Monell v. Department of Social Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Harvey, 949 F.2d at 1129.

Finally, Plaintiff makes unsupported, conclusory assertions against Dr. Lee which are insufficient to state a claim. Plaintiff's complaint suggests that he is raising a claim for negligence and breaching duties of care. ECF No. 13. Those are not, however, federal constitutional claims which may be brought in a § 1983 civil rights action.

Because no facts have been alleged which reveal a basis to continue this case or which demonstrate that further leave to amend would be beneficial, it is recommended that this case be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other**

**parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**